UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHARMELL TAYLOR,

        Plaintiff,

        -v-                    5:24-CV-188

EXPERIAN INFORMATION
SOLUTIONS, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

SHARMELL TAYLOR
Plaintiff, Pro Se
149 Mooney Avenue
Syracuse, NY 13206

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On February 7, 2024, *pro se* plaintiff Sharmell Taylor ("plaintiff") filed this action alleging that defendant Experian Information Solutions, Inc. violated her rights under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and related state law. Dkt. No. 1. Along with her complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2

On February 14, 2024, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with partial leave to amend. Dkt. No. 4. Judge Katz recommended that plaintiff's FDCPA claims be dismissed with prejudice because, even accounting for plaintiff's *pro se* status, there was no plausible indication that Experian—a credit reporting agency—could be considered a "debt collector" within the meaning of the statute. *Id.* However, Judge Katz determined that plaintiff should be given an opportunity to try to amend her claims under the FCRA and/or state law. *Id.*

Plaintiff has not filed objections, and the time period in which to do so has expired. *See* Dkt. No. 4. Upon review for clear error, the R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 4) is ACCEPTED;

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED;

3. Plaintiff's FDCPA claims are DISMISSED with prejudice;

4. Plaintiff's remaining claims are DISMISSED with leave to amend;

5. Plaintiff shall have THIRTY DAYS in which to submit an amended complaint in accordance with the instructions set forth in Judge Katz's R&R;

- 3 -

6.  If plaintiff timely files an amended complaint, this matter shall be referred to Judge Katz for further review or other action as appropriate; and

7.  If plaintiff does not timely file an amended complaint, the Clerk of the Court is directed to close this matter without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motion and set deadlines accordingly.

IT IS SO ORDERED.

Dated: March 7, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge